JOHN B. SMALLEY *et al.*

*v.*

ALFRED W. ELLET.

1. PURCHASERS OF PERSONAL PROPERTY, *must submit to an outstanding equity, if known.* Where a party purchases personal property with a knowledge of an outstanding equity in another, he will be held to have purchased subject to such equity.

2. INCOMPETENCY OF WITNESS—*not so because he is defendant to the bill.* The mere fact that a witness is one of the defendants to a bill in chancery, does not render him incompetent. The inquiry is, whether he is swearing to promote his own interests.

3. SAME—*not incompetent if he has no interest adverse to the party calling him.* A defendant in chancery may be made a witness against his co-defendants, and if he has no interest adverse to the party against whom he is called, he is not incompetent.

4. Nor is it an objection that he has an interest in the event of the suit, unless his interest be against the party whose interest is sought to be prejudiced by his testimony.

5. And even when the witness has an interest in favor of the party calling him, he may still be competent, if it appears he has an equal interest on the other side.

WRIT OF ERROR to the Circuit Court of Macoupin county; the Hon. E. Y. RICE, Judge, presiding.

This was a bill in chancery, filed in the Circuit Court of Macoupin county, at the May term, 1852, by defendant in error, against Wm. C. Smalley, John B. Smalley, Ira O. Haven, Franklin Morrison, and William H. Hamilton.

The bill alleges, that complainant was the holder of a promissory note, dated January 18th, 1851, executed by defendant, William C. Smalley, for $254.11, due one day after date; that

William C. Smalley was the owner of the undivided half of a portable steam saw mill; that to secure said note to complainant Ellet, he executed to him a mortgage on the undivided half of said mill, which mortgage was recorded January 20th, 1851; mortgage provided that until default in the payment of said note, property to remain in possession of said Smalley. Complainant in error, John B. Smalley, was the owner of the other half of said mill, and on the 7th day of April, 1851, John B. and William C. Smalley sold the whole of said mill to Haven and Morrison, and on the same day Haven and Morrison executed a chattel mortgage, on the whole of said mill, to John B. Smalley, to secure to said John B. Smalley his part of the purchase-money, being $400; Haven and Morrison afterwards sold same mill to William H. Hamilton; the debt from Haven and Morrison to Smalley becoming due on the 7th day of February, 1852, complainant in error, John B. Smalley, by virtue of his chattel mortgage, took possession of the mill and sold the same, and became the purchaser thereof. Bill also charges that John B. Smalley had notice of the rights of Ellet, and of the existence of his mortgage, when he took his mortgage, and when he made sale of the mill; states that Smalley is about to sell the mill; prays an injunction, and also that defendant pay debt due from William C. Smalley to complainant Ellet, or that the mill be sold, or that the sale to John B. Smalley be confirmed, and he decreed to pay the debt to complainant Ellet.

An injunction against John B. Smalley was granted.

At the May term, 1852, John B. Smalley filed his answer to bill, without oath, being waived in bill; denying notice of Ellet's rights when he took his mortgage upon said mill, and when he sold the same; and claiming that Ellet had lost all rights under his mortgage, as against Smalley, by not sooner enforcing them. At the December term, 1854, the cause was referred to a master, to take proof in the same. At the August term, 1855, the master reported the testimony of William C. Smalley, James J. Rider, and Job Huckelbridge, which is set out in the record in full. At the September term, 1856, the cause was heard and decree rendered against John B. Smalley

for $339.86, and costs of suit, being the amount of complainant Ellet's note.

John B. Smalley brings the cause to this court by writ of error, and assigns the following errors:

1. The bill does not set forth such a case as will justify the interference of a court of equity.

2. The testimony in the cause does not sustain the allegations in the bill.

3. The court ought not to have allowed the testimony of William C. Smalley to have been read upon the hearing of the cause.

4. William C. Smalley, being a party to the suit, and having a direct interest in the decision of the question, was not a competent witness for complainant.

5. The court erred in rendering a decree for complainant Ellet in the cause.

6. The court ought to have rendered a decree dismissing complainant's bill.

Messrs. GILBERT & RUSKIN, for the Plaintiffs in Error.

Messrs. TAPPAN & PALMER, for the Defendant in Error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

It is useless to deny, in the face of all the testimony appearing in this record, that the defendant, plaintiff in error, had full notice of all the rights and equities of the defendant in error in and to the property in question. In selling to Haven and Morrison, defendant's rights were expressly reserved, and the amount of his claim retained in their hands, with which to satisfy it. So on the sale to Hamilton, there was the same reservation, and the money retained to satisfy the defendant's claim. From all these facts, the inference is irresistible, that plaintiff in error, when he took the mortgage from Haven and Morrison, took it with the like reservation. The equities of defendant cannot be gainsayed or questioned. They are prominent in the whole transaction, and are prior in time to those of the

plaintiff in error, and this is shown by other testimony than that of W. C. Smalley. The plaintiff in error, when the sale was made to Haven and Morrison, knew that defendant was to extend the time for the payment of his lien, and all parties looked upon it, and treated it, as a prior lien. The objection that defendant did not take the mill into his possession, is answered by the fact, that it was upon defendant's land, and therefore in his possession.

As to the objection that W. C. Smalley was interested, and was therefore not a competent witness for complainant on the hearing, it may be replied, that the mere fact that he was a defendant to the bill did not make him incompetent. The inquiry is, whether he is swearing to promote his own interests. A defendant in chancery may be made a witness against his co-defendants, and if he has no interest adverse to the party against whom he is called, he is not incompetent. Nor is it an objection, that he has an interest in the event of the suit, unless his interest be against the party whose interest is sought to be prejudiced by his testimony; and even when the witness has an interest in favor of the party calling him, he may still be competent, if it appears he has an equal interest on the other side. *Dyer* v. *Martin et al.*, 4 Scam. 146. This was the position of W. C. Smalley. Joining with the plaintiff in error, in the sale to Haven and Morrison, he thereby warranted the title, and was responsible to them on that warranty. Being in the same position with regard to the defendant in error, his interest was balanced—he was therefore a competent witness, there being an implied warranty in both cases, the article sold being personal property.

There being no error in the record, the decree must be affirmed.

*Decree affirmed.*