## WILLIAM P. BRADSHAW, Admr.

### *v.*

## WILLIAM S. COMBS.

*Filed at Mt. Vernon March 29, 1882.*

1. WITNESS—*competency in suit against administrator.* The principal in a promissory note is a competent witness in a suit in equity by the surety against the administrator of the payee, to enjoin the collection of the note, on behalf of the surety, to prove a valid contract by the payee extending the time of payment to the principal without the consent of the surety.

2. In chancery, any defendant was always competent to testify in behalf of a co-defendant on any question in the decision of which he had no interest, and the passage of the act of 1867, abolishing the disqualifications of witnesses, has in no manner impaired that rule. The qualifications to the general rule therein stated are mere limitations upon the effect of that act in rendering a witness competent in cases wherein he had been before incompetent. It does not render any witness incompetent when, in the absence of the statute, he was and had been competent.

3. EVIDENCE—*parol—to add to written contract.* An indorsement upon a note, "it is agreed by the parties to this note that the interest shall be at the rate of ten per cent until paid," and signed by the principal maker, does not render parol evidence incompetent to prove that when the indorsement was made and signed, it was agreed between the principal and the agent of the payee that the time of payment should be extended one year, and that the promise to pay ten per cent interest, instead of eight, was the consideration for the agreement to give the extension. When only a part of a contract is reduced to writing, and the part so reduced to writing is merely a partial execution of a part of an entire agreement, the whole agreement may be proven.

4. SAME—*leading questions—when proper.* In the case of a reluctant or unwilling witness, the law does not require a strict and literal adherence to the general rule forbidding leading questions to a party's own witness.

5. REMEDY—*of surety for release for extension of time to principal.* A court of equity has jurisdiction to enjoin the collection of a note, at the instance of a surety, where the payee or his agent has made a valid extension of the time of payment with the principal, without the knowledge or consent of the surety.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. AMOS WATTS, Judge, presiding.

On the 13th of July, 1865, George A. Miller and W. S. Combs made their joint and several promissory note for the sum of $1350, payable to Patience C. Morrison, or order, two years after date, with interest from date, at the rate of eight per cent per annum, payable annually. This note was delivered to A. W. Brown, for Mrs. Morrison, to secure the repayment, with interest, to her of $1350 in cash, lent to Miller through Brown, as her agent, Combs joining in the note as a mere surety, and this was fully known to Brown. Brown continued to act as her agent until 1876, in which year she died. Bradshaw, administrator *de bonis non* of the estate of Mrs. Morrison, deceased, brought an action at law against Miller and Combs upon the promissory note.

This is a suit in chancery, brought by Combs against Bradshaw, as such administrator, and against Miller, to enjoin the collection of the note as against Combs, upon the ground that (as alleged in the bill) the creditor and the principal debtor had, without the knowledge or consent of the surety, made between themselves a valid contract, on about July 13, 1870, for the extension of the time of payment for one year from that date, upon consideration that the debtor undertook to pay interest thereafter at the rate of ten per cent per annum. This allegation, among others, was denied in the answer of the administrator, and replication was filed.

Miller gave his deposition. The evidence of Brown was also heard in behalf of complainant. On final hearing the bill was dismissed. On appeal to the Appellate Court this decree was reversed and the cause remanded. Upon a second hearing, in pursuance of the views of the Appellate Court, a decree was entered perpetually enjoining further proceedings against Combs upon that note. This latter decree was affirmed by the Appellate Court, and the administrator brings the case here for review.

Mr. A. W. METCALF, for the plaintiff in error:

Miller, the principal in the note, is incompetent as a witness, because a party to the suit at law sought to be enjoined. That being a suit by an administrator, he is excluded under section 2 of the act entitled "Evidence," not being embraced in any of the exceptions. *Boynton* v. *Phelps,* 52 Ill. 219; *Merrill* v. *Atkins,* 58 id. 59; *Richerson* v. *Sternberg,* 65 id. 272; *Donlery* v. *Montgomery,* 66 id. 227; *Langley* v. *Dodsworth,* 81 id. 86.

If the defendant in error had introduced Brown, the agent, then Miller would have been competent, but can not be so unless this is done. *Marshall* v. *Karl,* 60 Ill. 208; *Freeman* v. *Freeman,* 62 id. 189; *Stonecipher* v. *Hall,* 64 id. 121; *Jacquin* v. *Davidson,* 49 id. 82.

Miller being incompetent in the suit at law as a party to the record, can not be rendered competent by the surety suing in equity alone, and making him a defendant. *Boynton* v. *Phelps,* 52 Ill. 210; *Whitmore* v. *Rucker,* 71 id. 410.

That parol evidence was not admissible to vary the contract indorsed on the note, and show that a definite period of extension was agreed to, while the writing shows it to be indefinite, see *Marshall* v. *Gridley,* 46 Ill. 247; *Purinton* v. *N. I. R. R. Co.* 46 id. 297; *Lane* v. *Sharp,* 3 Scam. 573; *Magee et al.* v. *Hutchinson,* 2 Gilm. 269; *Harlow* v. *Barnett,* 15 Ill. 56; *Perry* v. *Graves,* 12 id. 289; *Rall et al.* v. *Ben-*

*jamin*, 56 id. 106; *Beattie* v. *Brown*, 64 id. 360; *Weaver* v. *Fries*, 85 id. 357.

While in many cases of sureties courts of equity will take cognizance, it is only where the remedy at law is incomplete. In a case like this the surety's remedy is as complete at law as in equity, and the court of law having first acquired jurisdiction, was the proper forum to settle the rights of the parties. *Thomas* v. *Caldwell*, 51 Ill. 139; *Ramsey* v. *Perley*, 34 id. 504.

To release a surety by an extension of the time of payment to the principal, it must be without the assent of the surety, and upon a new consideration, and the extension must be for a definite time. *Flynn, Exr.* v. *Mudd & Hughes*, 27 Ill. 323; *Pearl et al.* v. *Wilhaus*, 11 id. 352; *Woolford* v. *Dow*, 34 id. 424.

Mr. FRANK W. BURNETT, for the defendant in error:

1. As to the jurisdiction of equity: This is the appropriate remedy for the relief of a surety in such cases. High on Injunctions, secs. 1375, 1376; Story's Eq. Jur. secs. 324, 325.

The distinct ground of equity jurisdiction here is, that the remedy at law is not as adequate as in equity, for the reason that the principal debtor was not a competent witness at law, and is competent in equity. *Norton* v. *Woods*, 5 Paige, 249; *Miller* v. *McCann*, 7 id. 451; *Jarvis* v. *Chandler*, Turn. & R. 319; *Melter's Admr.* v. *Melter*, 4 C. E. Greene, 457; *Hayward* v. *Dinsdale*, 17 Ves. 111.

2. As to the competency of Miller: The statute permitting parties to testify, except in certain cases, was intended to enlarge the rule, and not to restrict it. Its object was to remove disqualifications, and not to add them, where not existing before. Before this statute, at law no party to the record could testify, whether interested in the result or not, while in equity a party not interested in the result could testify. *Kimball* v. *Cook*, 1 Gilm. 433.

Miller had no interest in the result, or it was equally balanced, and he was competent as a witness. *Kennedy et al.* v. *Evans*, 31 Ill. 269; *Norton* v. *Woods*, 5 Paige, 249; *Miller* v. *McCann*, 7 id. 451.

3. As to the competency of the testimony: The parol evidence only showed the consideration of the written agreement to pay ten per cent interest instead of a less rate. This was not to add to or vary the contract, but to give it validity and effect. The contract was of two parts, consisting of mutual promises, the promise of Miller to pay the ten per cent, and the promise of Brown to extend the time of payment. The one formed the consideration for the other, and both might be in writing, or one in writing and the other by parol. Bishop on Cont. secs. 61, 65, 512; 429, 421, note; *Morgan* v. *Fallenstein*, 27 Ill. 31; *Morris* v. *Tillson*, 81 id. 608; *Donlin* v. *Daegling*, 80 id. 608; 1 Parsons on Contracts, 448.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

Counsel for plaintiff in error contends that under our statute Miller, being a party to this suit, could not properly be allowed to testify for Combs upon this point, because the fact sworn to occurred before the death of Mrs. Morrison. He relies upon the provisions of the act of 1867 as to the competency of witnesses, which is now, with some additions and modifications not affecting this question, incorporated in the first eight sections of chapter 51 in the Revised Statutes of 1874, entitled "Evidence and Depositions." Before the passage of that act, by the rules and usages of courts of chancery one defendant was held competent to testify in behalf of a co-defendant on any question in the decision of which he had no interest. The passage of that statute has in no manner impaired that rule. The first section (Rev. Stat. 1874, p. 488,) abolishes all disqualifications of a witness by reason of interest, as a party or otherwise, except as

thereafter stated in the act. The qualifications thereafter found are mere limitations upon the effect of *that act* in rendering witnesses competent in cases wherein they had been incompetent. Nothing in the act contained indicates an intention to render any witness incompetent in any case where, in the absence of the statute, he was, and had been, competent. We think Miller was properly held a competent witness.

It is also contended that parol evidence of the contract charged was rendered incompetent by a writing found upon the note. The note has indorsed upon it the following: "It is agreed by the parties to this note that the interest shall be at the rate of ten per cent until paid." This writing is signed by George A. Miller, the principal debtor, and bears date July 13, 1870. The testimony of Miller is, that at the time when this memorandum was signed by him it was agreed between himself and Brown, the agent of Mrs. Morrison, that the time of payment should be extended one year, and that this promise to pay ten per cent was made in consideration that the creditor agreed to forbear for one year. It is insisted that to receive this oral testimony is to vary the terms of a written agreement by parol proof of what was said at the making thereof, which the law forbids. We think not. Had the parol proof offered been that the new rate of interest was to be nine per cent instead of ten, the rule in question would have applied. Where parties reduce their agreement to writing they can not be allowed to vary its terms by parol; but where it is evident that the agreement is not reduced to writing, but only a part of it, and where that part reduced to writing is merely a partial execution of a part of an entire agreement between the parties, the whole agreement may be proven. A man may buy a horse at $100, and agree to give his note, at one year, for $80 of the price, and to do labor at a given rate to the amount of $20, in payment for the horse. In such case the fact that he gives his note for the $80, and

no other writing is made except the note, does not preclude the vendor of the horse from proving the promise to do the labor, nor would such fact prevent the purchaser of the horse from proving the contract of sale, so as to sustain his title to the horse. The case at bar is of that class of cases presented by this illustration. There was no valid objection to the proof on this ground.

Complaint is made that leading questions, and answers thereto, were permitted, and especially in the examination of Brown. After a careful examination of this suggestion we think no wrong was done. Brown was plainly a reluctant or unwilling witness. In such cases the purposes of truth and justice do not demand a strict and literal adherence to the general rule on the subject.

We think the proofs fully sustain the decree, and that the appropriate remedy for the relief of Combs, as surety, has been pursued in this case. High on Injunctions, (2d ed.) secs. 1375, 1376; Story's Eq. Jur. secs. 324, 325.

Finding no error in the record, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*