THE MILLERS' NATIONAL INSURANCE COMPANY

v.

JOHN KINNEARD.

$\overline{35}$   105
136s 199
·35    105
108   ¹206

*Fire Insurance—Loss—Parol Promise by Adjuster to Pay—Recovery on—Compromise—Fraud—Evidence—Instructions.*

1. The rule that parol testimony can not be received to contradict, vary, add to, or subtract from the terms of a valid, written instrument, is not infringed by proof of any collateral, parol agreement which does not interfere with the terms of the written contract, though it may relate to the same subject-matter.

2. In an action to recover, upon the parol promise of an insurance adjuster to pay a sum named within a given time, this court declines, in view of the evidence, to interfere with the verdict for the plaintiff.

[Opinion filed December 24, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

Messrs. HOYNE, FOLLANSBEE & O'CONNOR, for appellant.

Fraud must be clearly proved. "The evidence must be clear and cogent and must leave the mind well satisfied that the allegation is true." Shinn v. Shinn, 91 Ill. 477; Adams v. Robertson, 37 Ill. 45.

"The law in no case presumes fraud. The presumption is

always in favor of innocence and not of guilt. In no doubt-
ful matter does the court lean to the conclusion of fraud.
Fraud is not to be assumed on doubtful evidence. The facts
constituting fraud must be clearly and conclusively estab-
lished." Kerr on Fraud and Mistake, 384.

If acts can as well be attributed to honest motives and fair
dealing as to dishonest motives, they will be attributed to
the former. Walker v. Carrington, 74 Ill. 446.

When the genuineness of a signature to an instrument is
established, it affords *prima facie* evidence that the contents
of the instrument were known to the subscriber, and that it is
his act, and the burden of proof is upon those who assert the
contrary. Hartford Life Ins. Co. v. Gray, 80 Ill. 28.

" Where one can read, but does not, then to avoid the instru-
ment he must show some artifice or trick by which he was pre-
vented, or in other words the jury must be satisfied that the
signature was obtained by fraud without negligence on the
part of the signer." Wheeler & Wilson Mfg. Co. v. Long,
8 Ill. App. 463.

The opinion in the above case is by McAllister, P. J., and
at the close of it he refers to Strong v. Linington, decided at
the same term. 8 Ill. App. 436.

In the latter case the same judge says: " There is no doubt
of the general rule, that if a party signing an instrument can
read, it is his duty to read such instrument before signing,
and if he does not and is not prevented by any fraudulent
means, he can not be permitted to say, when called upon to
respond to its obligations, that he did not know what it con-
tained."

Mr. THOMAS BATES, for appellee.

An adjuster has authority to make a settlement with assured.
Ætna Ins. Co. v. Maguire et al., 51 Ill. 342; Ill. M. Fire Ins.
Co. v. Archdeacon et al., 82 Ill. 236; Home Ins. Co. v. Myer,
93 Ill. 276.

Upon the question as to what constitutes fraud, it would
seem wholly unnecessary to cite authorities to this court. In
appellant's brief counsel have stated the law most favorably

Millers' Nat. Ins. Co. v. Kinneard.

for themselves, but, as we understand the law, if French, after having made the agreement and settlement with Kinneard which Laird, Williams and Kinneard positively swear he did make, and then afterward, with the design to deceive and defraud Kinneard, knowingly made false representations to induce him to sign a cunningly drawn writing, by which Kinneard was injured, then they are guilty of fraud and appellee should recover.

This and more than this was found to be true by the verdict of the jury, and is shown by the great preponderance of the evidence.

"A fraud in obtaining a note may consist of any artifice practiced upon a person to induce him to execute it when he did not intend to do such an act. Circumvention seems to be nearly, if not quite synonymous with fraud; it is not any fraud whereby a person is induced by deceit to make a deed or other instrument. The fraud or covin must relate to the procurement of the instrument." Woods v. Hynes, 1 Scam. 103; Latham v. Smith, 45 Ill. 25; Wilson v. Miller, 72 Ill. 616; Auten v. Gruener, 90 Ill. 300.

GARY, P. J. The appellee was insured against fire by the appellant upon property in Kansas. In July, 1885, it burned. The appellee immediately telegraphed:

                                    "7 – 13, 1885.
Dated, OTTAWA, KAS., 13.
        To W. L. BARNUM,
                Sec'y Millers' National Insurance Co.
Total loss this date under policy seventeen hundred and sixteen.
                                    JOHN KINNEARD."
To which, by letter, appellant replied:
                                    "CHICAGO, July 14, 1885.
JOHN KINNEARD, ESQ., Ottawa, Kas.
*Dear Sir:* Your telegram of the 13th inst., stating Forest Mills burned, just received. Fill out the inclosed blank fully, giving your total insurance at time of fire, full names of companies and division of the risk, and return to us by next mail. We will then arrange with the other companies so

that adjusters can meet you at same time and close the matter up as speedily as possible.  Take care of the stock and anything left, same as if you had no insurance thereon.  Read instructions on the back of our policy.

Also write us fully the cause or origin of the fire, when it occurred, and who first saw it.

Yours truly,

W. L. BARNUM, Sec'y."

The appellee replied the next day, but that letter contains nothing material to the questions for decision.

The appellants also wrote:

"CHICAGO, July 17, 1885.

JOHN KINNEARD, ESQ., Ottawa, Kas.

*Dear Sir:*  Our adjuster, Mr. French, will be in your place on the arrival of train from Kansas City, afternoon, Monday next, 20th inst."

Yours truly,

W. L. BARNUM, Sec'y.

Answer to my letter of 14th inst., *not yet received.*"

July 20, 1885, French, with adjusters for other companies, did arrive at Ottawa, and on the 22d he and the appellee signed a paper as follows:

" ADJUSTER'S AGREEMENT.

Know all men by these presents that it is mutually agreed between John Kinneard of Ottawa, Franklin County, Kansas, party of the first part, and the Millers' National Insurance Company, of Chicago, Illinois, party of the second part, witnesseth, that the total amount of loss or damage sustained by said party of the said first part by reason of the burning of the Forest mills and elevator, at Ottawa, Kansas, on the 13th day of July, A. D. 1885, is adjusted and determined to be the sum of eighteen thousand, two hundred dollars ($18,200), as follows:

| | |
|---|---|
| On Mill and Elevator Buildings................ | $10,000.00 |
| " Engine and Boiler House.................. | 161.86 |
| " Mill and Elevator Machinery, Safe, etc...... | 6,797.82 |
| " Engine and Boiler and Connections........ | 500.00 |
| " Grain, Flour, Middlings, Sacks and Bags.... | 740.32 |
| | $18,200.00 |

That the total amount of insurance thereon is seventeen thousand, five hundred dollars ($17,500), as follows:

On Mill and Elevator Buildings................ $ 5,300.00
" Engine and Boiler House.................    300.00
" Mill and Elevator Machinery, Safe, etc......   7,800.00
" Engine and Boiler........................   1,000.00
" Grain, Flour, Middlings, and Bags..........   3,100.00

$17,500.00

The consideration of this agreement being the avoidance of future misunderstandings or litigations as to the amount of said loss or damage, it is further understood that this agreement is without reference to any other questions or matter of difference within the terms and conditions of policy number 1716, of said insurance company, covering thereon other than that of determining the amount of loss or damage, as above stated.

Witness our hands and seals at Ottawa, Kansas, this 22d day of July, A. D. 1885.

J. KINNEARD,                [SEAL.]
MILLERS' NATIONAL INS. CO.,   [SEAL.]
By WM. B. FRENCH, Adj'r.

Signed and delivered in presence of
SILAS PIERSOL."

The amounts stated in this paper were agreed upon between French and the appellee, after a good deal of negotiation, as a result of which, the testimony on the part of appellee, sufficient to make the verdict of the jury upon that part of the case final, is, that French, for the appellants, agreed, by parol, that they would pay the appellee $3,872.19 in full for their share of the loss in sixty days.

On behalf of the appellee the jury were instructed:

" If from all the evidence in this case the jury believe that on the 13th day of August, A. D. 1883, the defendant issued its policy of insurance to Kinneard and Laird, which said policy was afterward, with defendant's consent, duly assigned to plaintiff, and which covered property owned by the plaintiff in the sum of $5,000; and if from all the evidence you further

believe that on or about the 12th day of July 1885, the property insured under said policy was destroyed by fire, and that defendant sent its adjuster to the scene of the fire, and if from all the evidence you further believe that said adjuster on or about the 22d day of July, 1885, agreed with the plaintiff as to the amount of said loss, and if the jury also believe from the evidence that there was a compromise settlement, and that it was agreed by the said compromise settlement said defendant would pay to said plaintiff the sum of $3,872.19 within sixty days from that date, in full settlement, compromise and satisfaction of all claims and demands which plaintiff then had or might have had against defendant, under said policy, and that plaintiff agreed to accept the same; and if you further believe from all the evidence that such settlement and compromise was made, and that defendant's adjuster agreed with plaintiff that defendant would pay to plaintiff within sixty days from July 22, 1885, the sum of $3,872.19 in full of all demands under said policy, and that plaintiff then and there agreed to accept the said sum $3,872.19, to be paid as aforesaid, in full of all his demands against defendant, under said policy, then the jury are instructed that such settlement so made (if from the evidence you believe such settlement was made) is good and valid, and plaintiff would thereby be entitled to recover in this action the said sum of $3,872.19, with interest thereon at the rate of six per cent per annum, from the 10th day of November, 1885, to the present time, unless you further believe from all the evidence that such adjuster had no authority to make such settlement."

In answer to special questions the jury have said that the "Adjuster's Agreement" was not read to the appellee, and that he was induced to sign it by fraud upon the part of the adjuster, but no such issue is presented by the instruction upon which the appellee obtained his verdict, nor does the record give any information as to what circumstances would, in the opinion of the jury, constitute, or be evidence of fraud on the part of the agents of the company, in dealings between an insurance company and the assured. It is quite probable that the jury were favorably inclined to the appellee.

The appellant insists the "Adjuster's Agreement" is the exclusive evidence of all agreements between French and the appellee, and the appellee seems to acquiesce in that proposition, unless he can avoid the paper by evidence that he was tricked into signing it. Substantially it is that issue of fraud which is fought out by the briefs here. This "Adjuster's Agreement" covered a single point, the amount of loss and insurance. The appellant's share of that loss is not stated in it. It is express that "it is without reference to any other questions or matter of difference within the terms and conditions of policy number 1716 of said insurance company, covering thereon other than that of determining the amount of loss or damage as before stated."

In legal effect it left the liability of the company to be determined by the provisions of the policy the company had issued. Nothing in it superseded those provisions. But they might be superseded by a parol agreement to pay an amount less than the sum named in the policy. F. & M. Ins. Co. v. Chesnut, 50 Ill. 111.

How, then, can a parol agreement which only takes the place of, or avoids the provisions of the policy, left untouched by the "Adjuster's Agreement" be said to vary that agreement? The rule that "parol testimony can not be received to contradict, vary, add to, or subtract from, the terms of a valid written instrument" (2 Tayl. Ev. 963), "is not infringed by proof of any collateral parol agreement which does not interfere with the terms of the written contract, though it may relate to the same subject-matter." Ibid., 977. Bradshaw v. Combs, 102 Ill. 428.

The "Adjuster's Agreement" fixed the amount of loss of each class of insured and destroyed property, as well as the total loss, and also the insurance upon each class, as well as the total insurance; but the appellant's share of that loss, and whether they would ever pay it, were subjects left untouched. The parol agreement, as the jury have found it, fixed the amount to be paid by the appellant, and when it was to pay it.

With all the other policies in hand one could probably—not certainly, figure out from the "Adjuster's Agreement" the

appellant's share of the loss, but even that calculation might be questioned and disputed and become the subject of judicial investigation.    It is not necessary to speculate upon the motive French had in putting into the " Adjuster's Agreement" the saving clause quoted.    If he made the parol agreement, as the jury have found, it would be difficult to imagine an honest motive, and therefore the fact that he did put that clause in is an argument against the conclusion that he made such a parol agreement, which in contemplation of law, the jury considered.

The last clause of the instruction copied here is supposed to be justified by Home Ins. Co. v. Myer, 93 Ill. 271, and cases there cited; whether it is or not, it did no harm.    If the jury had been required to find that French had authority, the letters of July 14th and 17th are conclusive.

" The matter " could not be closed so long as anything was left in dispute.    In the shape the case takes, if these views are correct, the minor questions are immaterial.

The judgment is affirmed.

*Judgment affirmed.*

Judge MORAN does not concur in this opinion.