Robert McKay, Admr.

*v.*

William Riley *et al.*

*Filed at Ottawa January 22, 1891.*

1.  WITNESSES — *competency* — *co-defendant in chancery* — *the statute construed.*  On the petition of an administrator for an order for the sale of land of his intestate to pay debts, a defendant, being an heir of the intestate, is competent to testify to facts showing that his co-defendant, another heir of the intestate, is the equitable owner of the land, as his interest is adverse to the party calling him.

2.  The statute (Rev. Stat. chap. 51, secs. 1, 2,) relating to the competency of parties to testify, does not render one incompetent to testify who was competent before its passage.  Since that act, as before its passage, a defendant in chancery may call his co-defendant to testify against his interest.

3.  ADMINISTRATOR — *costs* — *whether administrator personally liable.*  Where an administrator in good faith resists an adverse claim of title interposed to his application to sell, and, as belonging to his intestate, to pay debts, and fails, the costs should not be taxed against him personally.  Judgment for the costs should be against him in his representative capacity.

4.  ERROR WILL NOT ALWAYS REVERSE — *incompetent witness testifying.*  The admission of the testimony of an incompetent witness will not call for a reversal of a decree authorized by other proper evidence, as such ruling works no injury to the party against whom it was given.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was an application by Robert McKay, administrator of the estate of Mary Ann Riley, deceased, to the county court of Knox county, for a decree directing a sale of real estate belonging to the estate of the intestate, for the payment of debts.

It is alleged in the petition that Mary Ann Riley died intestate on or about the fifth day of February, 1889, leaving her husband, Lawrence Riley, and her children, William Riley, Maggie Wilson, Mary Huntley, Thomas Riley, John Riley, Lawrence Riley, Jr., Jennie Riley and Isabella Riley, who are

her only heirs-at-law, surviving her; that the petitioner was duly appointed administrator of the estate of the intestate by that court on the 3d day of July, 1889; that he has made a just and true account of the condition of the estate of the deceased to the court, as required by law; that the personal estate of the deceased is not sufficient for the payment of debts due from her estate, and that there is a deficiency in that respect of $283.06; that the intestate, at the time of her death, was seized of an equitable interest in lots 5 and 6, in block 104, in the city of Galesburg, in Knox county; that she held an agreement from one Thomas R. Willard, binding him to convey the land upon the payment to him by her of $300, in monthly payments; that at the time of her decease the payments had not all fallen due, but all that had fallen due had been paid by the intestate. Petitioner offers to pay the balance due, etc. Necessary parties are brought before the court by the petition, and it concludes with the usual prayer.

Answers were filed by the parties, William Riley answering separately, and claiming title to the lots described in the petition; that the legal title to the lots was in Willard, but the equitable title was in himself, he having, in fact, purchased the lots through the intestate, as his agent, and made full payment for them to Willard.

The county court decreed the relief prayed by the administrator, and William Riley appealed from that decree to the circuit court of Knox county. Subsequently, William Riley filed a cross-bill in the case, in the circuit court of Knox county, alleging his purchase of the lots in controversy by the intestate, as his agent, and his having since made payment therefor, and praying that title to the lots be decreed in him. The administrator then filed an answer to the cross-bill, putting in issue its material allegations. On the hearing in the circuit court, an issue at law, whether payment of the purchase money for the lots in controversy was made by William Riley, as alleged in his cross-bill, was submitted to a jury, under instruc-

tions of the court, and the jury returned a verdict in the affirm-
ative. The circuit court decreed denying the prayer of the
petition, and granting the relief prayed in the cross-bill. The
case is here by the appeal of the administrator, who, alone,
assigns errors on the record.

Mr. Charles S. Harris, for the appellant:

William Riley was disqualified as a witness in his own be-
half, and John Riley, Lawrence Riley and Jennie Riley were
disqualified as witnesses on the part of their co-defendant.
They were necessary parties. Rev. Stat. chap. 3, sec. 99.

Being parties, they were incompetent as witnesses, either
in their own behalf or when called by a co-defendant. Rev.
Stat. chap. 51, sec. 2; *Whitmer* v. *Rucker,* 71 Ill. 410; *Low-
man* v. *Aubery,* 72 id. 619; *Warrick* v. *Hull,* 102 id. 280;
*Crane* v. *Crane,* 81 id. 165; *Treleaven* v. *Dixon,* 119 id. 548;
*Way* v. *Harriman,* 126 id. 132; *Stewart* v. *Fellows,* 128 id. 480.

William Riley, by allowing his mother to obtain credit on
the faith of her apparent ownership, is estopped from denying
that she had the equitable title.

The legal estate in the hands of a trustee, as in this case,
is subject to the lien of a judgment obtained by a third person
against the trustee while the title remained in him. Perry on
Trusts, sec. 321; *Wales* v. *Bogue,* 31 Ill. 464; *Emmons* v.
*Moore,* 85 id. 304.

Mrs. Riley's possession of the premises was notice to all
persons of whatever title she had, whether it was of record or
not. *Williams* v. *Brown,* 14 Ill. 205; *Cowen* v. *Loomis,* 91 id.
132; *Cabeen* v. *Breckenridge,* 48 id. 94; *Conner* v. *Goodman,*
104 id. 365.

Having put her in a position to obtain credit on the faith
of her title to this land, William Riley would be estopped from
setting up a claim thereto as against her creditors. Bigelow
on Estoppel, 547, 248; *Anderson* v. *Armstead,* 69 Ill. 452,
and cases cited; *Stewart* v. *Munford,* 91 id. 58; *Nichols* v.

*Pool,* 89 id. 491; *Eldridge* v. *Walker,* 80 id. 270; *Smith* v. *Hutchinson,* 108 id. 662.

Courts of equity will not enforce resulting trusts after a great lapse of time, or *laches* on the part of the supposed *cestui que trust,* especially where it appears that the supposed nominal purchaser has occupied and enjoyed the estate. See *McDonald* v. *Stow,* 109 Ill. 45; Perry on Trusts, sec. 141.

It was error for the circuit court to render a decree against Robert McKay personally, for costs, and award execution therefor.

Messrs. DOUGHERTY & CLEVELAND, for the appellees.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

The amendment to section 101, chapter 3, of the Revised Statutes of 1874, approved June 15, 1887, enacts that the practice in applications for decree authorizing the sale of real estate to pay debts of the intestate "shall be the same as in cases in chancery;" that the court may, in such cases, among other things, "investigate and determine all questions of conflicting or controverted titles arising between the parties to the proceedings." Before the enactment of our statute permitting parties in interest to testify, (Rev. Stat. 1874, chap. 51, secs. 1, 2, *et seq.,*) it was competent for one defendant in chancery to have his co-defendant testify on his behalf, provided that his co-defendant was not interested against the complainant, and therefore, that in testifying for the defendant calling him he was not testifying for himself. *Smalley* v. *Ellet,* 36 Ill. 500; *Walker* v. *Dement,* 42 id. 372; *Bragg* v. *Geddes,* 93 id. 39.

Our statute referred to *supra* does not render any one incompetent to testify as a witness who was a competent witness before its enactment. (*Bradshaw, Admr.* v. *Combs,* 102 Ill. 428.) It necessarily follows, therefore, that Lawrence Riley, the father of William Riley, and John Riley and Jennie Riley,

his brother and sister, were competent witnesses in his behalf, and that the court properly permitted them, though co-defendants, to testify on the issue whether the lots described in the petition belonged to the intestate at the time of her death, or to William Riley, for their interest is clearly against William Riley and in favor of the administrator.

The court erred in permitting William Riley himself to testify on that issue, since he falls within the exclusion in section 2 of the statute, *supra.* But the evidence of the other witnesses not being affected by that section, and being properly admitted, was, of itself, sufficient to sustain the decree below, and the error in admitting his testimony consequently did no harm.

The objection urged in argument, that William Riley permitted the intestate to hold herself out to the world as the owner of these lots, and on the faith of that ownership to incur the debts remaining unpaid at the time of her death, is not sustained by the evidence in this record. It is not proved that the creditors of this estate gave credit to the intestate because of their belief in her ownership of these lots, and that otherwise they would not have given such credit, and it is hence unnecessary to say more in regard to it.

No question arises upon this record as between William Riley and his co-defendants. No errors are assigned in that respect. But the court below should not have adjudged costs against the administrator and awarded execution against him personally. So far as is disclosed by the record, the administrator acted in good faith, and for what he deemed to be the best interests of the estate, and costs should therefore only have been adjudged against him as administrator, to be paid in due course of administration. *Burnap* v. *Dennis*, 3 Scam. 482.

That part of the judgment below is reversed, but in all other respects it is affirmed. The appellant will recover his costs in this court.

*Judgment reversed in part and in part affirmed.*