## Peter Phillip v. Mary M. Love, Executrix, et al.

1. WITNESSES—*The Statute Does Not Disqualify.*—The statute allowing certain persons to testify does not disqualify, as witnesses, the parties to a suit. It has not created any disqualifications. Whatever disqualification of witnesses there is, either at law or chancery, exists by virtue of the common law.

2. SAME—*Equity Jurisdiction.*—Equity has no jurisdiction to enable parties to testify who are disqualified as witnesses by the law.

3.  Same—*Co-Suitors at Law and in Equity.*—At common law a party to the record in a suit at law can not be a witness for himself or a co-suitor, while in chancery a complainant or a defendant may examine a party to the record who is not interested on the side of the party calling him, in the matter concerning which it is proposed that he shall testify.

4.  Equity—*Follows the Law.*—Equity follows the law; it will not give a remedy in direct contradiction of a rule of law.

5.  Same—*No Jurisdiction to Remove Disabilities of a Witness.*—A court of equity has no jurisdiction of a bill to enable a complainant to prove the facts constituting his defense to a suit at law in which he is a party defendant, his witnesses being incompetent for that purpose in a court of law.

Memorandum.—Bill in equity.  Appeal from the Superior Court of Cook County; the Hon. William G. Ewing, Judge, presiding.  Heard in this court at the March term, 1894, and affirmed.  Opinion filed March 26, 1894.

· The opinion states the case.

Rubens & Mott and Hand, Milchrist & Smith, attorneys for appellant.

Collins, Goodrich, Darrow & Vincent and A. W. Pulver, attorneys for appellees.

Mr. Justice Waterman delivered the opinion of the Court.

This is an appeal from a decree of the Superior Court sustaining a demurrer to the bill of complaint of appellant, and dismissing the same for want of equity.

The bill contained in substance the following :   That James M. Love, in his lifetime, through certain agents, sold to the complainant and others, a tract of land in Dakota, and that the sale was effected by the fraudulent statements and representations of the agents of said Love who concealed the fact that they were his agents, and pretended to be co-purchasers with the complainant and equally interested with him.   The land was purchased upon payment of one-third in cash, the balance being represented by two notes due in one and two years after the date thereof, and secured by a mortgage upon the property.   About the time of the

maturity of the first note complainant discovered the fraud, and immediately communicated with James M. Love in reference thereto, and shortly afterward a suit was brought upon the notes by one Hubbard, who claimed to be an innocent purchaser for value, before maturity.

While this suit was pending Love died, and the suit in the name of Hubbard was dismissed, and on the same date another suit was commenced in the name of Mary M. Love, executrix of the estate of James M. Love, deceased, upon the same notes. It was then claimed that Hubbard had never been the holder of said notes for value, but was merely acting as the agent for James M. Love in and about the collection thereof. The bill further charges that in the suit at law in which Mary M. Love, as executrix, is plaintiff, all of the makers of the notes are joined as parties defendant; that the notes are joint and several notes; that by virtue of the statute none of the defendants are competent as witnesses as against the executrix to prove the fraud and misrepresentation which induced the sale; that the complainant could not prove the fraud by which he was induced to join the syndicate that purchased said property, except by the testimony of his co-defendants in the common law suit. The bill makes parties defendant, said Mary M. Love, executrix, and all the other co-makers of said notes, and prays that the suit at common law may be enjoined; that the sale of said land may be rescinded, and the amount which complainant paid thereon repaid to him, and that the executrix be perpetually enjoined from seeking to enforce payment of said notes as against the complainant, or from assigning the same for that purpose; the complainant offering on his part to reconvey his interest in said land to such person or persons as the court may direct.

As stated by counsel for appellant, the principal object in the filing of this bill was to enable the complainant to prove the facts constituting his defense in a court of equity, the witnesses being incompetent for that purpose in a court of law. It said that it was contended in the court below, on behalf of the executrix, that the defendants in the common law suit were disqualified by the statute from testifying as

against the executrix, and that no change of forum, or in the form of the pleadings, could render them competent witnesses; that this was the only question discussed before the chancellor, who entered the decree dismissing the bill, and that was the view which the court finally adopted.

The bill alleges, in substance, that, by reason of the statute, neither the complainant nor any of the parties to the suit at law, begun by said executrix, are competent witnesses to prove the fraud alleged in the bill.

Appellees also urge that, under the statutes, the joint makers of the note can not testify against the executrix.

In this contention we agree with neither appellant nor appellee. The statute does not disqualify, as witnesses, the parties to any suit. The statute has not created any disqualifications. Bradshaw, Adm'r, v. Combs, 102 Ill. 428; Dodgson v. Henderson, 113 Ill. 360; McKay v. Riley, 135 Ill. 586. Whatever disqualification of witnesses there is, either at law or chancery, exists by virtue of, and is as old as the common law. *Nemo in propria causa testis esse debet* was the rule.

If, then, the fact that defendants to a suit at law brought by an executrix, can not testify therein in favor of one of their number, affords grounds for the interposition of a court of equity, it is a source of equity jurisdiction as old as the court of chancery itself; and it would seem that not only ought such source of jurisdiction to be treated of by text writers, but that numerous cases of such interposition ought to be found.

Bills of discovery are a well recognized head of equity jurisprudence, but the cause now under consideration is not, and is not claimed to be, such a case.

If the present suit can be maintained, then it would seem that an addition must be made to the sources of equity jurisprudence, viz.: Jurisdiction to enable parties to testify, who by the law are disqualified as witnesses, and in equity practice should be included, bills to enable persons to testify who by the rules of law are not allowed to appear as witnesses.

It is true that by the general rules of the common law a party to the record in a suit at law can not be a witness for himself or a co-suitor in the cause, while in chancery a complainant or a co-defendant may examine a defendant who is not interested on the side of the party calling him in the matter concerning which it is proposed that he shall testify. Greenleaf on Ev., Vol. 1, Secs. 329 and 361.

But we do not think that thereby exists a ground for the jurisdiction of a court of equity.

While a court of equity will restrain a party from using an unfair advantage which by accident, mistake, fraud or otherwise, he has improperly gained (Story's Eq. Juris., Sec. 885), it can not be said that an advantage existing solely by reason of rules of law is unfair, or has been improperly obtained; moreover, if the makers of the note in question, being alive, can testify to the circumstances attending its giving, while the payee, being dead, can not, will they not have an advantage?

We do not think that the Supreme Court of this State intended that the doctrine of Bradshaw, Adm'r, v. Combs, and Dodgson v. Henderson, *supra*, should be extended beyond what was announced in those cases. Those cases are of bills brought by sureties.

The question in this case is not, could his co-makers of this note have testified for the complainant, had he, under some well-recognized ground of equity jurisdiction, sought the aid of a court of chancery, but does the fact that at law defendants are generally not, and in chancery may, in matters in which they have no interest, be witnesses for a complainant, give a court of equity jurisdiction.

Equity follows the law; it will not give a remedy in direct contradiction of a rule of law. Bispham's Equity; 3 Blackstone's Com., 430; Story's Eq. Juris., Secs. 11, 12 and 13; Cowper v. Cowper, 2 P. Will. 753.

The legislature has power to remove the disqualification of the makers of this note; if it suffers their disability to remain it is because it does not care to change in this regard the policy of the law.

It is the duty of courts, both of law and equity, to have regard to the intention of the legislature. Story's Eq. Juris., Secs. 14 and 15.

It is manifest that the legislature did not intend to remove the disability of defendants when sued by an executor.

The law as left by the legislature may have defects, but it is not the province of a court of equity to do that which in its wisdom the legislature has thought best should be left undone.

It is by no means clear that in this suit the interest of complainant's co-obligors is that his bill be dismissed for want of equity. The clear eyes of a court of equity can, without the frank confession of complainant's counsel, see that the complainant's discharge involves in all probability the discharge of his co-obligors, and it is questionable if the chancellor may not look beyond the decree sought to be obtained by the testimony of defendants and see what such decree in all probability involves as to the testifying obligors, and whether, in view of what final result is to be obtained, the interest of the defendants, to obtain whose testimony this bill is brought, is not really with, instead of against the complainant.

We prefer, however, to rest our decision upon the want of jurisdiction of a court of equity to entertain this bill.

The decree of the Superior Court is affirmed.