## Jane Thompson, Administratrix, v. Smith W. Wilson.

1. **Witnesses**—*Parties at Common Law.*—The common law prohibited a party to the record in actions at law from testifying in behalf of himself, or a co-defendant.

2. **Same**—*The Disqualification Under the Statute.*—The common law disqualification, though removed by our statute as to parties generally, is continued as to defendants in suits brought by a plaintiff in the capacity of an administrator.

3. **Same**—*The Rule in Chancery Not Affected by the Statute.*—In courts of chancery a defendant is a competent witness to speak in behalf of a co-defendant as to any matter in which he has no interest. The fact that a witness is a party, is not considered in courts of equity, the only inquiry being whether he is called to support his own interest. The statute has not changed this rule in equity.

4. **Same**—*The Test of Interest.*—The true test of the interest of a witness is, that he will either gain or lose by the direct operation and effect of the judgment, or that the record will be legal evidence against him.

5. **Same**—*May Testify Against Interest.*—A witness, if otherwise competent, may testify against his interest.

6. **Same**—*Competency Not Affected Because Evidence May Criminate.*—The objection that evidence may tend to criminate the witness does not affect his competency; it is his personal privilege to refuse to testify as to such matters, but he is not incompetent if he chooses to waive the privilege.

7. **Same**—*The Extent of the Privilege—Decrees in Civil, Not Admissible in Criminal Actions.*—A decree rendered in a civil action is not admissible in a criminal proceeding to prove the guilt of the witness.

8. **Injunctions**—*Actions at Law Where Witnesses are Incompetent.*—When one defendant in an action at law is incompetent to testify as a witness, solely because he is a party, his co-defendant may, in order to obtain the benefit of his testimony, enjoin the action at law and have the cause tried in a court of equity.

**Memorandum.**—In chancery. Appeal from the Circuit Court of McLean County; the Hon. Thomas F. Tipton, Judge, presiding. Bill for injunction; hearing and injunction ordered; appeal by defendant. Heard in this court at the May term, 1894, and affirmed. Opinion filed October 29, 1894.

### Statement of the Case.

Smith W. Wilson and George W. Wilson were, on December 30, 1890, and for several years prior thereto had been,

engaged as general partners under the firm name of S. W. Wilson & Bro., and conducted a large business in manufacturing, contracting and building brick work.

George W. Thompson died in March, 1893, and Jane Thompson, his wife, was appointed administratrix of his estate. She found among his notes and the assets of his estate, a note dated December 30, 1890, for $182 and interest, payable to her intestate in eighteen months from date. On December 1, 1893, Smith W. Wilson, the only solvent member of the firm, having refused to pay the amount of the note, she began suit against him in the Circuit Court of McLean County, Illinois. While this suit was pending and before it was reached for trial, the bill in this case was filed, an injunction obtained and appellant was enjoined from prosecuting the suit. This appeal is from the order granting injunction under the act of June 14, 1887, providing for appeals from orders granting injunctions, etc.

### APPELLANT'S BRIEF, EDWARD BARRY, ATTORNEY.

Before the passage of our statute on " Evidence and Depositions " by the rules and usages of courts of chancery, one defendant was held competent to testify in behalf of a co-defendant on any question in the decision of which he had no interest. The passage of that statute has in no manner impaired the rule. No witness is rendered incompetent by the statute who was competent before it. Bradshaw v. Combs, 102 Ill. 428.

One who has a direct certain legal interest in the event of a suit is not a competent witness on the side of his interest. By " legal " is not meant only such interest as can be asserted in a common law court, but it embraces any interest that can be asserted in any court of justice. Blum v. Stafford, 4 Jones (N. C.) L. 94.

When the verdict and judgment would be evidence for or against the witness in another suit, then he is incompetent; and the test whether they would be evidence for him is the inquiry, would they be evidence against him if adverse to

the party introducing him.    Coltart v. Laughing House, 38 Ala. 190.

The true test is, " Will the witness gain or lose by the direct legal operation· and effect of the judgment, or will the record be evidence for or against him in some other action ? "    1 Phillips' Ev. (3d Ed.) 119--126; Greenleaf, Vol. 1, Secs. 389, 390; N. E. F. & M. Ins. Co. v. Wetmore, 32 Ill. 221; McClure v. Otrich, 118 Ill. 320; Campbell v. Campbell, 130 Ill. 466.

If the record will be evidence for or against him, then he is an incompetent witness.    Eaton v. Gentle, 1 Chand. (Wis.) 10; Bailey v. L., 1 Geo. 392.

OWEN T. REEVES, attorney for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

Counsel for the appellant administratrix in his brief says : The question presented by this appeal is, " When the administratrix of the payee of a note brings suit thereon at law against the members of a firm, the note being signed in the firm's name, can one of the firm, by filing a bill in chancery making the plaintiff and the other partner defendants thereto, thereby render his partner, so made defendant, a competent witness in equity for him, to show that he told plaintiff's intestate when he signed the note in the firm name and delivered it to said intestate, that the money so borrowed was for his own individual use, and not for his firm, or that he had no authority to sign the firm name ? "

The rule of the common law prohibited a party to the record in an action at law from testifying in behalf of himself or co-defendant.    The disqualification, though removed by our statute as to parties generally (Sec. 1, Chap. 51, R. S., entitled Evidence), is expressly continued in force as to defendants to suits brought, as was the case in this instance by a plaintiff in the capacity of an administratrix.    (Sec. 2, Chap. 51, *supra*.)    In the action upon the note the defense of the appellee could not be brought before the court for consideration because a rigid rule of law closed the mouth of the only

person living who had knowledge of facts necessary to maintain it. In courts of chancery, before the enactment of our statute on evidence, a defendant was a competent witness to speak in behalf of a co-defendant as to any matter in which he had no interest. The fact that a witness was a party, was not considered in courts of equity in determining his competency, the only inquiry being whether he was called to support his own interest. Kimball v. Cook, 1 Gilm. 423; Dyer v. Martin, 4 Scam. 146; Bradshaw, Admr., v. Combs, 102 Ill. 428; Smith v. West, 103 Ill. 332. The enactment of our statute in no manner impaired this chancery rule. Bradshaw, Admr., v. Combs, *supra.* The defense the appellee desired to present in the action at law was a lawful and meritorious one, but an inflexible rule of law under the particular circumstances of the case excluded the only proof available to support it. Equity courts had no such rule and resort to that tribunal became a necessity, and its aid was, we think, properly invoked and granted. This conclusion rests upon familiar fundamental principles fully recognized and enforced in Bradshaw v. Combs, *supra,* and in Dodson v. Henderson, 113 Ill. 360.

It is, however, urged that the party who testified as a witness had a disqualifying interest in the litigation. The true test of the interest of a witness is that he will either gain or lose by the direct operation and effect of the judgment or that the record will be legal evidence against him. 1 Greenleaf on Evid., Sec. 390. A witness, if otherwise competent, may, of course, testify against his interest. 1 Greenleaf, Evid., Sec. 410. The testimony of the witness in this instance tended in no degree to relieve or favorably affect him, but rather to the contrary.

It is urged that the witness should not have been permitted to testify because his evidence and a decree based thereon would establish a charge of forgery against him. The argument in support of this seems to be that the testimony of the witness, or the record made in the case, would constitute legal evidence tending to establish against him a charge of forgery, and for that reason he was either incompetent or disqualified to testify. The objection that

evidence may tend to criminate the witness does not affect his competency to testify. It is his personal privilege to speak as to a matter tending to criminate himself, but he is not incompetent to testify if he sees fit to do so.    1 Greenleaf, Evid., Sec. 451.    Moreover a decree rendered in a civil action is not admissible to prove guilt in a criminal proceeding.    1 Greenleaf, Evid., Sec. 537.    If it was admissible, a witness would not, for that reason, be incompetent to testify to facts upon which the decree proceeded.    He might assert or waive his privilege as pleased him best.    The decree must be affirmed.

OPINION ON MOTION FOR REHEARING BY MR. JUSTICE BOGGS.

Counsel for the appellant administratrix, in aid of a motion for rehearing, has called our attention to the case of Phillips v. Love, lately decided by the Appellate Court of the First District and reported since the opinion in the case at bar was filed.    Phillips v. Love, 54 Ill. App. 526.

The relief prayed in that case was the same as in this and the material facts were in no wise different.

The conclusion reached by that court was that a court of equity was without jurisdiction to entertain the bill and grant the relief prayed, and that the doctrine announced and enforced in the cases of Bradshaw v. Combs and Dodson v. Henderson, *supra*, had application only when the aid of an equitable court was invoked by and in behalf of a surety.

We thought the decision of those cases rested upon well recognized principles of equity jurisprudence, applicable to every suitor, if the facts of his case brought it within the doctrine there recognized and acted upon.

A re-examination of the authorities has confirmed us in that view.

Speaking of the power of courts of equity to interpose by process of injunction, and control the rights and proceedings of suitors in actions at law, Mr. Story, in his work on Equity Jurisprudence, Sec. 884–885, says:

" In most of the cases of this nature there is no pretense to assert the jurisdiction upon any of the ordinary grounds

of fraud, accident, mistake or confidence. It stands upon more enlarged principles of general justice and was probably derived from the Roman civil law, where, as we have seen, equities of this sort were not unfrequently entertained. Indeed the occasions on which an injunction may be used to stay proceedings at law, are almost infinite in their nature and circumstances.

"In general it may be stated that in all cases where, by accident, fraud or otherwise, a party has an unfair advantage in proceedings in a court of law, and it is therefore against conscience that he should use that advantage, a court of equity will interfere."

Speaking to the same question another law writer said :

"In the first place it is well settled that equity will not restrain an action at law on the application of the defendant, if he has a perfect defense at law, unless the injunction is necessary to make the defense available." Willard's Eq. Juris., page 347.

In Jeremy's Equity Jurisdiction, Sec. 338, it is laid down that an injunction will be granted "where a court of law is applied to for redress in a case of civil injury and the defendant is unable to supply the necessary evidence to rebut the plaintiff's claim except through the medium of this assistant jurisdiction of a court of chancery." Nor are we without adjudicated cases in support of the doctrine announced by those text writers.

In the case of Norton v. Woods et al., 5 Paige 249, the nominal plaintiff, H. Bulkley, who had no real interest in the suit, was the only witness by whom the defendant could prove his defense to the action. Parties to the record were not then competent witnesses. The defendant, who was not a surety, sought to obtain the benefit of the testimony of Bulkley through the medium of the process of injunction. The Court of Chancery of the State of New York entertained the bill. The opinion of the court was rendered by Chancellor Walworth who, in the course thereof, said :

"The only remedy in such cases appears to be by resort to this court, not upon a mere bill of discovery, but by bill for

relief where persons who have no interest in the litigation may be examined as witnesses for either party. * * * The facts stated in the bill, if established at the hearing, appear sufficient to constitute a case for equitable relief."

Afterward the same court had before it a bill brought by a surety to restrain proceedings at law because he needed the testimony of a party to the action and it was then said:

" The jurisdiction of this court to compel discovery in aid of a prosecution or defense at law is founded upon the fact that by the strict rules of law, a party to the record in a suit at law can not be compelled by his adversary to prove facts within his own knowledge.

" Upon the same principle, this court, in Norton v. Woods, 5 Paige 249, sustained a bill for relief upon the ground that it appeared from the bill that a valid defense existed at law, but of which he could not avail himself there, because the only witness who knew the fact and was not interested in the suit was a party to the action at law. I do not see how that case can be distinguished in principle from the present."

Miller v. McCann, 7 Paige Chan. Rep. 451, Jarvis v. Chandler, Turn. & Russel Reports 319, and Metler v. Metler, 4 C. E. Green 475, are cases where jurisdiction was entertained in chancery of bills asking for this relief by persons not sureties.

We are constrained to adhere to the conclusions announced in our former opinion.

The motion for a rehearing is therefore denied.