| 54   | 173  |
|------|------|
| 114a | 280  |

## WILLIAM BRADLEY

### *v.*

## BENJAMIN F. MARSHALL.

ASSIGNEE AFTER MATURITY—*concurrent agreement as to mode of payment.* Where a promissory note, payable on its face to A B & Co. was given for a debt due to A B alone, and at the same time the note was executed there was an agreement in writing between A B and the maker of the note, providing the mode in which it might be paid, it was *held*, in an action on the note by an assignee after maturity, that the note and agreement having been executed together should be construed as one agreement, and as the consideration moved from A B alone, A B & Co. and the assignee would be bound by the provisions of the agreement, and the maker having performed, or shown a readiness to perform, the stipulations as to payment, consisting in the furnishing of a house by the maker to A B the rent to be applied on the note, no recovery could be had.

WRIT OF ERROR to the Circuit Court of Marion county.

The opinion states the case.

Mr. B. B. SMITH, for the plaintiff in error.

Mr. D. C. JONES, for the defendant in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action by the endorsee of a promissory note against the maker. The defendant pleaded specially that the note, which was payable on its face to M. Beaver & Co. was given for a debt due Beaver only, for work done by him; that it belonged solely to said Beaver, and that when it was given a written agreement was, at the same time, entered into between the defendant and said Beaver, by which the defendant was to furnish to said Beaver a certain house, at a stipulated rent of eight dollars per month, and said Beaver was to satisfy the note with the accruing rent. The plea further avers that the defendant had furnished the house to Beaver at the time and place named, and was still ready to furnish the same. The plea further averred the note was assigned to plaintiff after it became due. A demurrer was sustained to this plea, and judgment having been entered on the demurrer, the defendant brings up the record.

We do not concur in the objections taken to this plea. The note, and the written agreement as to the mode in which it should be payable, having been executed together, are to be construed as one agreement, and the plea shows performance, or readiness to perform, on the part of the defendant. It is said the note was payable to Beaver & Co. and the plea sets up an agreement made with Beaver alone. But the plea avers the consideration for the note moved solely from Beaver, and that the note belonged solely to him. Even then if the name " Beaver & Co." used in the note indicated a firm consisting of Beaver and some other person, yet, if a suit had been brought in the name of such firm as payee, the firm would have been bound by the agreement, and its assignee, after maturity, is equally bound. The judgment is reversed and the cause remanded.

*Judgment reversed.*