ELI ULERY

*v.*

AARON H. GINRICH.

PARTNERSHIP—*power of the several partners to give promissory notes in the name of the firm.*   While in the case of commercial partnerships each partner may execute promissory notes and other negotiable securities, in the name of the firm, or do any other acts which are incident or appropriate to such trade or business, according to the common course and usages thereof, yet where the partnership is organized for farming purposes, the partners do not, as incident thereto, possess a power to draw or accept bills, or to draw or endorse notes for the firm.   In such cases there must be some proof that an express authority is given for this purpose, or that it is implied by the usages of the business, or the ordinary exigencies and objects thereof.

APPEAL from the Circuit Court of Macon county; the Hon. A. J. GALLAGHER, Judge, presiding.

This was an action of assumpsit, brought by Ginrich upon a promissory note executed in the firm name of Ulery & Hudgins, and also by Owen J. Doyle and Isaac Wilson.

It appears the firm name of Ulery & Hudgins was signed by the latter, and among other pleas the defendant Ulery, by his third plea, which was verified by affidavit, denied the existence of the partnership at the time the note was executed,

and denied the authority of Hudgins to execute the same in the name of the firm. Issue was formed upon this plea, and a trial had which resulted in a verdict and judgment in favor of the plaintiff.

The nature and objects of the partnership between Ulery and Hudgins, were as follows: They rented a farm for the express purpose of cultivating the same. It was agreed between them that Ulery should furnish the money to run the farm and to buy whatever·stock they might wish to put on it to feed the proceeds of the farm to, and Hudgins was to superintend the farm, and give his time and labor in the business of the farm, and they were to divide the profits. They agreed that their partnership was restricted to the farm, and that Hudgins should contract no debts, and that neither of them should have authority to make notes or other evidences of indebtedness in the name of the firm.

The note in suit was given for money borrowed by Hudgins, without the knowledge of Ulery, a part of which he states he applied to the payment of debts of the firm which he had created, and used a portion on his own private account.

The principal question presented is, as to the authority of Hudgins to give the note in the name of the firm.

Messrs. BUNN & BUNN, for the appellant.

Messrs. CREA & EWING and Messrs. NELSON & ROBY, for the appellee.

Per CURIAM: The third plea of appellant, sworn to, put in issue the existence of a partnership on the 15th of April, 1867, the day the note in suit was executed. It was proved by a great preponderance of evidence, in the proportion of four to one, and that one the party who executed the note in the firm name, that the copartnership which had been formed in the fall of 1864, to purchase and sell cattle and other stock, was ended in the spring of 1866, about the close of the month

of May of that year. This fact is well established, and the verdict is against the weight of evidence.

In regard to the arrangement between appellant and Hudgins to carry on the farm in 1867, it is not claimed, by force of that, Hudgins had any authority to execute the note in question. In ordinary commercial partnerships each partner has undoubted authority to buy and sell goods belonging to or for the use of the partnership, or ordinary business thereof; each partner may pledge the partnership property, or borrow money for partnership purposes, and draw, negotiate, accept or endorse bills of exchange and promissory notes and checks, and other negotiable securities, or any other acts which are incident or appropriate to such trade or business, according to the common course and usages of such trade and business, but the same rule does not always prevail in all other sorts of partnership, or in such as are of a special and peculiar nature. Thus, if a partnership is organized for mining, or for farming purposes, the directors or active agents thereof will not, as incident thereto, possess a power to draw or accept bills, or to draw or endorse notes for the company. In such cases there must be some proof that an express authority is given for this purpose, or that it is implied by the usages of the business or the ordinary exigencies and objects thereof. Story on Part., sec. 102, 126 ; Collyer on Part., book 3, ch. 1, sec. 2, p. 269.

In the farm partnership, that was confined to cultivating the farm, appellant to furnish the money and Hudgins to superintend the operations, and give his time and labor in the business, and instead of authority in Hudgins to execute notes to bind the partnership, it is expressly proved that it was agreed Hudgins should contract no debts, and that neither of them should have authority to execute notes or other evidences of indebtedness in the name of the partnership.

With these views, the court should have given the second and third instructions, as asked by appellant, without the modification or qualification added by the court.

The two last instructions asked by the appellant and not numbered, should also have been given, as they announce the law of this case.

For the reasons given the judgment is reversed and the cause remanded.

*Judgment reversed.*