Adams v. Long.

## J. Q. Adams v. Edwin Long.

### Gen. No. 11,326.

1. JOINT LIABILITY—*what evidence competent under plea of.* In a plea denying joint liability filed by the partner of one who has signed the firm name to a promissory note by which money was raised for the individual use of the partner so signing the same, it is competent, in order to show notice that the proceeds of such note were not to be used for firm purposes, to introduce in evidence a contract made as a part of the note transaction to which the plaintiff in the action was a party, which tended to show the use to which the proceeds of such note were to be applied.

2. CROSS-EXAMINATION—*when, improperly restricted.* Where, upon the direct examination of a witness a material conversation is elicited, it is error to refuse to permit the cross-examiner to bring out all of such conversation so far as it pertained to the subject-matter testified to upon direct.

3. PARTNERSHIP NOTE—*when one partner not liable upon, to the endorsee.* Where the endorsee of a note executed in the name of a firm knew that the proceeds of such note were to be used by one member of such firm individually and not for firm purposes, he cannot recover except as against the partner so deriving the benefit from such note (the other partner of such firm not having assented thereto).

4. TRADING PARTNERSHIP—*what constitutes.* A firm engaged in the real estate, loan and insurance business which, likewise, buys and sells real estate on its own account, is *prima facie* a trading corporation.

5. CROSS-ERRORS—*when, essential.* An appellee cannot complain of the rulings of the trial court in the absence of cross-errors.

Action of assumpsit upon promissory note. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in this court at the October term, 1903. Reversed and remanded. Opinion filed May 26, 1904.

A. C. PARKER and JOHN M. O'CONNOR, for appellant; LYMAN, BUSBY & LYMAN, of counsel.

LOESCH BROTHERS & HOWELL, for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

In a suit on a promissory note, the appellee, as first endorsee thereof, recovered a verdict and judgment thereon, against appellant, from which this appeal is taken. The note was executed by C. B. Matson in the firm name of Adams, Matson & Co., and made payable to D. M. Evans, who, with said Matson, endorsed it. Evans and Matson were defendants, but were not served, nor before the court. The note is declared on specially, and in an additional count it is alleged that the note was executed in Missouri, and under the laws of that state ten per cent interest is legal. The pleas were the general issue, denial of execution of the note, and denial of joint liability of Adams and all sworn to by him. The note is dated December 29, 1896, and at that time appellant and said Matson and Evans were partners engaged in the real estate, loan and insurance business at Rolla, in the State of Missouri, where Matson and Evans at the time resided, though Adams resided in Chicago and appears to have furnished the money necessary to carry on the partnership business. Matson and Evans were the active men in the business. The partnership articles provide, among other things, that neither Matson nor Evans should have the power or authority to create or incur any indebtedness on behalf of the firm except for actual necessary running expenses of the business without

Adams v. Long.

first having procured the written consent of Adams, and that neither partner should at any time sign any note whereby the firm should become bound or holden for the payment of any sum of money without first having procured the written consent of each member of the firm.

The principal matters of contest on the trial, which was before the court and a jury, was as to whether Adams gave his consent to the execution of the note, and whether it was made for the purposes of the firm business. The evidence in this regard is strongly conflicting, and upon what is contained in the record it cannot be said that, had the jury decided in favor of appellant, the verdict would have been clearly wrong.

It is shown, in substance, by the evidence, that Adams and Evans were, at the time the note was executed, both interested in some mining property and a mining venture in Arizona, and that the money, being the proceeds of the note sued on, was paid to Evans by the appellee at the time the note was executed and endorsed to the latter for the purpose of being used by Evans in his Arizona mining venture. At the same time, at least on the same day, the note was executed, and as a part of the same transaction, as the evidence tends to show, the following memorandum of agreement was made and entered into between Evans and Long, to wit:

" STATE OF MISSOURI } ss.
    County of Phelps. }

This memorandum of agreement, made and entered into this 29th day of December, A. D. 1896, by and between David M. Evans, party of the first part, and Edward Long, party of the second part, both of Rolla, Phelps county, Missouri,

Witnesseth: That for and in consideration of one dollar in hand paid to the party of the first part, by the party of the second part, the receipt of which is hereby acknowledged, and other valuable considerations, the party of the first part hereby agrees to pay unto the said party of the second part, in good and lawful money of the United States, the sum of $6,000 out of the first moneys received on sale of property now held under contract by John Q.

Adams, of Spencer, Iowa, on a group of sixteen mines and known as the Greenlee group, situate in the Greenlee Gold Mountain Mining District, Graham County and Territory of Arizona, and conveyed by one Wilbur A. Reeves, of Chicago, Cook county, Illinois.

It is expressly understood by the parties hereto that the payment of ($6,000) six thousand dollars shall be in full liquidation of a promissory note given this day for one thousand dollars ($1,000) signed by Adams, Matson & Co., and endorsed by D. M. Evans, interest and participation in contract above particularized.

Witness our hands and seals the day and year first above written.

D. M. Evans,    [SEAL]
Ed. Long.      [SEAL]"

This paper was offered in evidence by counsel for appellant, but was excluded by the court, which ruling is, in our opinion, reversible error. Besides being executed at the time, and as a part of the same transaction with the note, when taken in connection with the other evidence, we think this agreement clearly tends to show notice to appellee that, although the note in question was given in the firm name, the proceeds thereof were not to be used for firm purposes, but only for the individual use of Evans in this mining venture that is in no way connected with the firm business of Adams, Matson & Co. 4 Am. & Eng. Ency. of Law (2nd ed.), 144; Bradley v. Marshall, 54 Ill. 173; Gardt v. Brown, 113 Ill. 475; Gould v. Magnolia M. Co., 207 Ill. 172–6, and cases cited.

It is said by appellee that the effect of this evidence was to vary the terms of the note, and 'it was not admissible under the pleadings. We think neither point is tenable. If it be conceded that the agreement would tend to vary the terms of the note, its purpose could be limited to the matter of notice to appellee. The plea denying joint liability, if any plea was necessary, was sufficient to justify the admission of the agreement.

Complaint is also made that the court unduly limited the cross-examination of appellee with regard to the circumstances under which the note was executed. When

Adams v. Long.

the cross examination in this line in the plaintiff's original case was objected to, we think the court was not in error in excluding it, because it was not cross-examination in a strict sense, but certainly it would not have been error to have permitted it, as its tendency was to elicit all the facts of the transaction. It appears, however, from the evidence on behalf of appellant, that appellee, at the time of making the note, had notice of the purpose for which its proceeds were to be used, viz., in the mining business of Evans in Arizona. Appellee, on rebuttal, denied this line of evidence, which was to the effect that Evans stated to Matson, in appellee's presence, at the time the note was signed, that the money was to be used by Evans for mining purposes, and that Evans stated to Matson at the same time that the latter had authority from Adams to execute the note. After this evidence was given by appellee, he was cross-examined and was asked, after having stated that Evans made statements as to these matters, what was said by him in that conversation, but the court excluded it. We think the ruling in that regard was error, because the appellant was entitled to all that was said upon this occasion on that subject.

The court, at the request of appellee, among others gave to the jury the following instruction:

"No. 1. The court instructs the jury that if you find from all the evidence in the case that the plaintiff, Edward Long, actually loaned the sum of $1,000 to Adams, Matson & Co., and if you further find from all the evidence in the case that at the time said loan was made (if you so find that said loan was made) the plaintiff, Edward Long, had no notice or knowledge of the limitations imposed upon each of the partners comprising the firm of Adams, Matson & Co. to borrow money or give evidences of security therefor, as is set forth in their articles of copartnership in evidence in this cause, and if you further find from all the evidence in the case that no part of said loan has been paid, then you are instructed that you should find the issues for the plaintiff. Provided you further find from the evidence that the defendants were associated together as partners and were engaged, among other things, in buying and selling real estate on their own account."

We think this instruction is erroneous, in that it predicates the liability of appellant solely upon the lack of notice to appellee of the limitations imposed upon each of the partners in borrowing money or giving evidences of security therefor, as provided in the partnership articles, whereas, under the law, while appellant would not be liable under the hypothesis stated in the instruction, yet, if appellee knew that the proceeds of the note were to be used by Evans individually, and not for partnership purposes of the firm of Adams, Matson & Co., appellant would not be liable. Story on Partnership, 126; Parsons on Partnership, (3rd ed.), pp. 133, 199, note, and cases cited; 1st Collier on Partnership (6th ed.), 793, and cases cited; Wright v. Brosseau, 73 Ill. 381; King v. Faber, 22 Pa. St. 21–5; Teed v. Parsons, 202 Ill. 455–60, and cases cited. Since the instruction allows a recovery by appellee upon the hypothesis stated, we think it is clearly erroneous.

Considerable discussion is indulged in on the point as to whether the partnership was or was not a trading partnership, but we think the evidence is sufficient to show the affirmative on this point. The firm, as the evidence tends to show, bought and sold real estate on its own account, and this is sufficient *prima facie* to make a trading partnership as to appellee and enable him to recover on the note, unless he had notice of the limitations of the partnership articles. 1 Collier on Partnership (6th ed.), 648, 658; Ulery v. Ginrich, 57 Ill. 531; Morse v. Richmond, 6 Ill. App. 167–9; Pease v. Cole, 53 Conn. 53–60, and cases cited; Deardorfs v. Thacher, 78 Mo. 128–32, and cases cited; Waller v. Keyes. 6 Vt. 257–62, and cases cited; Smith v. Sloan, 37 Wis. 285–96, and cases cited. Mr. Collier, p. 648, says, speaking of all partnerships: " All that is requisite to render a debt contracted by one of the partners binding and obligatory on the other, is that the debt relates to the partnership. The authority delegated to each partner is to act in their particular trade or line of business." In the Pease case the Connecticut Supreme Court quote from a text writer approvingly the following: " A partner in a trading firm

has *prima facie* authority to bind the firm by drawing, indorsing or accepting bills in the firm name for partnership purposes. * * * A partner in a non-trading partnership has *prima facie* no authority to render his copartners liable by signing bills in the partnership name." The cases cited fully sustain these statements of the law.

Other questions with regard to rulings on instructions and that the verdict is excessive, need not be considered in detail. We think there is no reversible error in any of the rulings upon instructions in the respects claimed, and any excess of the verdict over the *ad damnum* may be cured by amendment before another trial.

Appellee complains of certain of the court's rulings, but inasmuch as no cross errors are assigned, we do not discuss them.

For the errors in giving the first instruction and in excluding the agreement mentioned between Evans and appellee, the judgment is reversed and the cause remanded.

*Reversed and remanded.*