## Abraham L. Heldman, Appellee, v. Orville J. Gunnell, Appellant.

1. BILLS AND NOTES, § 74*—*what does not constitute material alteration of note.* The detachment from a negotiable promissory note of a statement that certain stock had been deposited with the payee as security for payment thereof, *held* not to change the tenor or effect of such note or the liability of the maker thereon, and not an alteration as would prevent a recovery by the payee.

2. BILLS AND NOTES, § 74*—*what constitutes material alteration of note.* The detachment from a promissory note, by the payee thereof, of a contemporaneous agreement whereby the maturity of the note was to be extended on the payment of certain monthly instalments thereon by the maker, *held* a material alteration of the note justifying opening of a judgment entered thereon by confession.

3. BILLS AND NOTES, § 56*—*what constitutes failure of consideration for note.* Failure of the payee of a promissory note to carry out an agreement, attached thereto, to deliver to the maker certain shares of stock, for which such note was given in payment, *held* to amount to a total failure of consideration.

Appeal from the Circuit Court of McLean county; the Hon. Co-LOSTIN D. MYERS, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded with directions. Opinion filed April 21, 1916.

FRANK O. HANSON and GEORGE K. FOSTER, for appellant.

RALPH J. HEFFERNAN, for appellee; M. A. BRENNAN, of counsel.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

On November 28, 1914, appellee caused a judgment by confession on a judgment note to be entered in his favor against appellant for the sum of $2,107.66 and costs. The note is executed by appellant and is dated November 4, 1914, payable on or before six months

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

after date to the order of appellee for the principal sum of $2,000 with interest at the rate of six per cent. per annum after date and interest at the rate of seven per cent. per annum after maturity until paid. The note also includes the usual power of attorney to confess judgment thereon, together with costs and five per cent. attorney's fees. Appellant made a motion to open up the judgment, for leave to plead and to stay execution, which motion was overruled, to reverse which action of the court this appeal is prosecuted.

In support of appellant's motion he filed two affidavits executed by himself, in which he states that at the time of the execution of the note there was also executed concurrently therewith two written agreements which were attached thereto and made a part thereof, the first of which was executed by appellant and states that he has delivered to appellee to secure the payment of said note one certificate of twenty shares of the capital stock of the All Ready Box Company of the market value of $2,000, and authorizes appellee or his assigns to at any time before or after the maturity of said note, if in the judgment of appellee or his attorneys said collateral depreciates in value, to sell the collateral, or any part thereof, at public or private sale and apply the proceeds upon said note, etc. The second agreement attached to the note is as follows:

"November 4th, 1914. Mr. Orville J. Gunnell, Dear Sir: Having this day sold you my twenty shares of the capital stock of the All Ready Box Co. for the sum of Two Thousand Dollars ($2,000.00) and for which I have received your collateral note of even date herewith in the sum of Two Thousand Dollars ($2,000.00), I hereby agree to extend the time for the payment of the balance due on said note from month to month so long as you pay the sum of Fifty Dollars ($50.00) on the 10th of each and every month and the interest due on said note semiannually from the date hereof. Yours truly, (Signed) Abraham L. Heldman."

The affidavits further show that the note was given in full payment of the twenty shares of capital stock of the All Ready Box Company, which appellant had bought of appellee, and that by the terms of said agreement was to have or cause to be issued to affiant a certificate of said stock, but the same was to be held by appellee as a collateral security described above; that both of these contemporaneous agreements, executed concurrently with the note, attached thereto and made a part thereof, were detached from the note after the execution thereof without the knowledge or consent of appellant, and that the judgment was entered upon the note alone, without the accompanying agreements attached thereto; that the note thereby became materially and fraudulently altered, and is void and without effect.

The affidavits further set forth that appellant did not keep and perform his agreement to deliver to appellee said certificate of twenty shares of stock of the All Ready Box Company, neither has he applied to said company to have said certificate of stock issued in his name, and that no such certificate of stock has ever been issued to appellant and that he has never received from appellee, or any one for him, any consideration or anything of value in consideration for the execution and delivery to appellant of the above described note and agreements.

The first point made by appellant is that by detaching the statement as to the deposit of the stock as collateral security, a material alteration was made in the note because it changed the character thereof from a non-negotiable note to a negotiable one. A note is not made non-negotiable by a statement attached that the maker has deposited with the holder, as collateral security, a certificate of stock. Section 5, Negotiable Instruments Act of 1907 (J. & A. ¶ 7644); *Mumford v. Tolman,* 157 Ill. 258. And it is a general rule that the acceptance of collateral security has no effect what-

ever on the legal rights and liabilities of the parties, as respects the original debt, either to impair or suspend the right of action thereon. *Wilhelm v. Schmidt,* 84 Ill. 183; *Furness v. Union Nat. Bank,* 147 Ill. 570. It follows that the detachment of the statement in regard to the collateral security did not change the tenor or effect of the note or the liability thereon in any manner and cannot be considered as an alteration of the note.

A more serious question is presented, however, in regard to the detachment from the note of the written agreement executed by appellee. It has been held from the earliest cases in this State that where contemporaneous agreements are entered into pertaining to the same subject-matter they must be construed together, and this principle applies to notes as well as to any other contract. In the case of *Davis v. McVickers,* 11 Ill. 327, it was held: "The notes sued on and the agreement set forth in the plea, having been executed at the same time, between the same parties, and respecting the same subject-matter, must be construed together, and considered as forming but one contract. *Bailey v. Cromwell,* 3 Scammon, 71; *Duncan v. Charles,* 4 ib. 561."

In the case of *Bradley v. Marshall,* 54 Ill. 173, it was stated: "We do not concur in the objections taken to this plea. The note, and the written agreement as to the mode in which it should be payable, having been executed together, are to be construed as one agreement, and the plea shows performance, or readiness to perform, on the part of the defendant." To the same effect are the following: *VanZandt v. Hopkins,* 151 Ill. 248; *Gould v. Magnolia Metal Co.,* 207 Ill. 172; *Bradshaw v. Combs,* 102 Ill. 428; *Commercial Register Co. v. Drew,* 168 Ill. App. 347; *Adams v. Long,* 114 Ill. App. 277; *Toledo Computing Scale Co. v. Tyden,* 141 Ill. App. 21.

The original note was payable on or before six

months after date. The agreement executed by appellee attached to the note extended the time of payment of the note by providing that $50 might be paid thereon each month. By this agreement the time for the payment of the note was extended to three years and four months. In 1 Daniels on Neg. Insts., page 178 it is stated:

"Where there is a contemporaneous written contract affecting the terms of a bill or note, it is to be construed together with the bill or note, in so far as each may be given effect and there is no repugnancy between them" and on page 179 the same author says: "The time of payment as fixed in the note may be controlled by a separate written agreement made at the time of the execution of the note." *Kraft v. Hora*, 159 Ill. App. 363.

It is apparent, therefore, that the written agreement signed by appellee, which was attached to the note and was executed concurrently therewith, became a part thereof and together with the note constituted the contract between the parties. Section 123 of the Negotiable Instruments Act of 1907 (J. & A. ¶ 7763) provides that when a negotiable instrument is fraudulently or materially altered by the holder without the assent of all the parties liable thereon, it is voided except as against a party who has himself made, authorized or assented to the alteration; and subsequent indorsers. Section 124 of the same Act (J. & A. ¶ 7764) states what alterations are material and provides, among other things, that any alteration which changes the time of payment, or any other change or addition which alters the effect of the instrument in any respect, is a material alteration. The detachment of said agreement unquestionably changed the time and manner of the payment of the note and was a material alteration thereof. The note on which the judgment was entered by confession was not the contract entered into by the parties, if the facts set out in the

affidavits are true, and they must be taken as true in the consideration of the motion.

The affidavits further show that appellee agreed to cause a certificate for the twenty shares of stock to be issued to appellant which he has failed to do, and that there is a total failure of consideration.

For the reasons given, the judgment of the trial court is reversed and the cause remanded with directions to sustain appellant's motion to open up the judgment and for leave to plead.

*Reversed and remanded with directions.*