**Edward Thompson Company, Appellant, v. Charles L. Hunt, Appellee.**

## Gen. No. 6,776.

1. CONTRACTS, § 378*—*when execution of contract may be disproved under general issue.* Defendant in a suit on a written contract who files a plea of the general issue verified by his affidavit, but files no affidavit denying execution of the contract sued on, is not precluded by section 52 of the Practice Act (J. & A. ¶ 8589) from introducing evidence tending to show that he is not liable on the instrument set forth in the declaration.

2. CONTRACTS, § 378*—*when contemporaneous instrument admissible in evidence.* In an action upon a written contract, it is proper to admit in evidence another instrument executed at the same time, between the same parties and respecting the same subject-matter, even though such evidence tends to vary or contradict the terms of the contract in suit which, by its terms, is apparently complete in itself.

3. CONTRACTS, § 389*—*when negligence in signing of contract is not question of law.* In an action on a contract, where it appears that the contract, which purported to be executed in duplicate, was prepared in defendant's presence by the agent of plaintiff, plaintiff being a well-known company, that both papers were on

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the same form, appeared alike, and recited that they were dupli-
cates, it cannot be said, as a matter of law or fact, that defendant
was negligent in reading only one of the papers before signing both.

4. Contracts, § 120*—*what is effect of failure to read contract.*
Failure to read a paper before signing it is not always negligence.

5. Sales, § 9*—*when sale is not absolute.* In an action upon a
contract for subscription to books purporting to be executed in
duplicate, the two instruments considered together *held* to con-
stitute a sale upon approval and not an absolute sale, and that
defendant could refuse to keep or pay for the books without assign-
ing any reason.

6. Appeal and error, § 1498*—*when error in exclusion of evi-
dence is harmless.* Error in sustaining, in the course of the trial,
objections to certain questions in the depositions and striking out
the answers thereto is harmless where the questions and answers
relate to matters not controverted but admitted by appellee as a
witness.

7. Contracts, § 394*—*what instructions are erroneous.* In an
action on a contract, the refusal of instructions requested by plain-
tiff, placing an improper construction upon the contract and ignor-
ing defendant's defense, is proper.

Appeal from the County Court of Kane county; the Hon. S. N.
Hoover, Judge, presiding. Heard in this court at the April term,
1920. Affirmed. Opinion filed June 29, 1920. Rehearing denied
October 12, 1920.

Bulkley, More & Tallmadge, for appellant.

Mighell, Gunsul & Allen, for appellee.

Mr. Justice Heard delivered the opinion of the
court.

There is no dispute as to the facts of this case. The
Edward Thompson Company, appellant, is a New York
State corporation engaged in the publication of law
books. Charles L. Hunt, appellee, is a practicing at-
torney of St. Charles, Illinois. August 8, 1917, a trav-
eling salesman of appellant solicited appellee for a
contract for the sale of American & English Anno-
tated cases. After some conversation appellant's

*See Illinois Notes Digest, Vols, XI to XV, and Cumulative Quarterly, same
topic and section number,

salesman filled out and presented to appellee two papers which purported to be duplicate contracts, one to be retained by appellee and the other to be sent to appellant. Appellee read the paper which was to be retained by him and signed both papers. One was retained by appellee and one was sent to appellant by its salesman. The papers were not in fact duplicates. The one sent to appellant is as follows:

"8/6/17.

"To Edward Thompson Company (a corporation organized under the laws of New York).
Northport, L. I., N. Y.

"I hereby subscribe for the American and English Annotated Cases in law buckram binding, and agree to pay you therefor $5.00 per volume carriage paid.

"For volumes one to 60 and the Digests I agree to pay as follows: $5.00 (Check herewith, C. O. D.) Sept. 1st, 1917, and the balance in installments of $15.00 each payable quarterly from Sept. 1st, 1917.

"Until otherwise ordered I agree to receive and pay for subsequent volumes as issued, $5.00 per volume on delivery.

"I hereby expressly agree that the right of property in all volumes unpaid shall remain in Edward Thompson Company until the same are wholly paid for; and in case of my failure to meet any one of said installments at maturity or the notes evidencing same, all of said installments or notes remaining unpaid shall, at your option, immediately become due and payable. Interest at 6% after one year from date hereof on all installments then unpaid.

"This order and your acceptance of it constitute the entire contract. No agreement or guaranty inducing me to sign has been made on your behalf which is not herein expressed.

"I acknowledge receipt of a duplicate of this agreement.

"This order is subject to your approval.

(Signed) Chas. L. Hunt,
Address to St. Charles, Ill.

"Send Bible paper, Buckram Binding.

. . . . . . . . . . . . . . . . . . . .

"Duplicate.

"Salesman, Thomas & Hearn."

In the paper retained by appellee, appellant's salesman had interlined the words "upon thirty days' approval" after the word "subscribed" and before the word "for" in the first line in the body of the paper. There was also printed upon it, "It is understood that the purchase includes a subscription of Law Notes, as long as issued, during the life of this contract," and on the margin appeared the words:

"Jas. Thomas,

"Salesman Thomas & Hearn."

The volumes of the American & English Annotated Cases which had then been published being volumes 1 to 45 inclusive, were shipped from New York on or about the 20th of August to the defendant; also there were shipped two digests at the same time and on or about the 21st day of August they sent the defendant the bill of lading and also sent an index to volumes 1 to 44 inclusive, which was free of charge, and that subsequently on or about the 11th day of September, 1917, they sent by express prepaid volume 46, and subsequently on November 19, 1917, they sent, express prepaid, volume 47 of the same publication, but they did not ship any subsequent volumes for the reason that the defendant failed to pay for those shipped. The books were not received by appellee until November, 1917. November 7, 1917, appellee wrote appellant as follows:

"St. Charles, Ill. 11/7/17.

"Edward Thompson Co.

Northport, L. I., N. Y.

Gentlemen:—

Some time ago I purchased of you a set of American and English Annotated Cases but only just received same. I have looked them over and find they are useless to me and wish to return them to you.

Kindly let me know where you wish them shipped.
Awaiting your reply, I am,

                              Yours very truly,
                         (Signed) Charles Hunt.''

December 21, 1917, appellee wrote appellant as
follows:

                         ''St. Charles, Ill., 12/21/17.

''I wrote you some time ago. I was holding these
books subject to your orders and am still doing so.
Have never unpacked them and do not want them and
will not pay until court says I have to.

                              (Sgd.) Hunt.''

Appellee never unpacked the books, but at all times
kept them in good condition in their original boxes,
subject to the order of appellant. Appellant brought
suit against appellee in the county court of Kane
county. A jury trial resulted in a verdict for appellee
upon which judgment was rendered and from that
judgment appellant appeals. Appellant's declaration
consisted of a count upon the paper sent it by its sales-
man as the same is above set forth. It also contained
the common counts. An affidavit of claim made by
appellant's president was filed with the declaration.
Appellee filed the plea of the general issue verified
by his affidavit, but filed no affidavit denying the sign-
ing of the contract sued upon.

It is contended by appellant that the execution of
the contract set forth in the declaration not having
been denied by plea verified by affidavit, the court
erred in admitting in evidence appellee's purported
duplicate order.

Section 52 of the Practice Act (J. & A. ¶ 8589) pro-
vides: ''No person shall be permitted to deny, on
trial, the execution   *   *   *   of any instrument in
writing,   *   *   *   upon which any action may have
been brought,   *   *   *   when a copy is filed, unless
the person so denying the same shall, if defendant,
verify his plea by affidavit.''

Appellee does not deny the execution of the instrument set out in the declaration. He admits that fact but denies that, as executed, he is liable thereon.

In *Frankland v. Johnson*, 147 Ill. 520, the court said: "It is contended by counsel for appellee, that there being no plea, verified by affidavit, denying the execution of the instrument, the defendant cannot question his individual liability upon it. * * * The defendant did not claim the right, on the trial, to deny the execution of the note. He admits that fact, but denies that, as executed, it became his personal obligation. This, we think, he might do without a sworn plea, and that seems to have been the view of the trial court." We followed this case in *Yost v. Eckart*, 209 Ill. App. 30.

In *Gould v. Magnolia Metal Co.*, 207 Ill. 172, in construing the section of the Practice Act in question, the Supreme Court said: "That section of the Practice Act establishes a rule of evidence and dispenses with proof of the execution of a written instrument declared upon unless the execution is denied by a verified plea. * * * The only effect of failing to deny the execution of the contract was to make it admissible in evidence without proof of its execution."

Appellee was therefore not precluded from introducing evidence tending to show that he was not liable upon the instrument set forth in the declaration. *T. Wilce Co. v. Royal Indemnity Co.*, 289 Ill. 389.

Appellant contends that the admission in evidence of the purported duplicate writing retained by appellee was error because it tended to vary or contradict the terms of a contract which by its terms was complete in itself.

In *Davis v. McVickers*, 11 Ill. 327, it was said: "The notes sued on and the agreement set forth in the plea, having been executed at the same time, between the same parties, and respecting the same subject-matter, must be construed together, and considered as forming but one contract. *Bailey v. Cromwell*, 4 Ill. (3

Scam.) 71; *Duncan v. Charles,* 5 Ill. (4 Scam.) 561."

In *Bradley. v. Marshall,* 54 Ill. 173, it was said: "The note and the written agreement as to the mode in which it should be payable having been executed together, are to be construed as one agreement."

In *Crandall v. Sorg,* 198 Ill. 58, it was said: "The contract and lease were executed as part of the same transaction, related to the same subject-matter, and, though written at different times, are to be construed together as though they constituted but one writing. This proposition is elementary, and has been too frequently declared by this court to make necessary the citation of authorities."

In *Gould v. Magnolia Metal Co., supra,* it was said: "A second ground of objection is that the letter tended to vary a contract which was complete in itself. It is the rule that testimony is inadmissible to contradict or vary the terms of a contract which purports to contain the whole agreement of the parties and shows no uncertainty as to the object or extent of such agreement. In such a case it is conclusively presumed that all previous and contemporaneous engagements by which the parties intend to be bound are contained in the writing. On the other hand, it is equally well established that where the agreement is evidenced by more than one writing, all of them are to be read together and construed as one contract, and all the writings executed at the same time and relating to the same subject-matter are admissible in evidence."

In *Illinois Match Co. v. Chicago, R. I. & P. Ry. Co.,* 250 Ill. page 400, the court said: "Where two written instruments are executed as the evidence of one transaction, they will be read and considered together as one instrument in arriving at the intention of the parties. (*Gardt v. Brown,* 113 Ill. 475; *Crandall v. Sorg,* 198 Ill. 48; *Gould v. Magnolia Metal Co.,* 207 Ill. 172; 1 Greenleaf on Evidence, sec. 283.)" To the same effect are *Van Zandt v. Hopkins,* 151 Ill. 248; *Bradshaw*

*v. Combs,* 102 Ill. 428; *Commercial Register Co. v. Drew,* 168 Ill. App. 347; *Heldman v. Gunnell,* 201 Ill. App. 172.

The instruments in question in the present case were executed at the same time, were between the same parties and were respecting the same subject-matter and under the authorities above cited must be construed together as forming one contract and therefore there was no error in the admission of both instruments in evidence.

Appellant contends that appellee was negligent in not reading both papers before signing them. The papers were prepared in appellee's presence by appellant's agent. They were both on the same blank form. They appeared to be just alike. Appellee read one of them and according to its recitals the two papers were duplicates. Appellant had a nation-wide reputation among the legal fraternity as a law-book publishing concern. A failure to read a paper before signing it does not always constitute negligence. *Strong v. Linington,* 8 Ill. App. 436. Appellee had no reason to suspect that the papers were not duplicates as they purported to be. We are not inclined to hold either as a matter of law or of fact that appellee was negligent. On the other hand, it might well be argued that as the instrument sent to appellant and upon which appellant acted contains mention of ''a duplicate of this agreement,'' that it not only had notice of the existence of two papers which the law of this State required to be construed together as one contract but as both papers were written by appellant's salesman, it also had notice of the contents of both papers on the theory that notice to the agent was notice to the principal.

In our opinion, construing both papers together, the contract was for a sale upon approval and not an absolute sale and therefore appellee had a legal right to decline to keep the books and refuse to pay for the

same without assigning any reason. *Goodrich v. Van Nortwick,* 43 Ill. 445; *Kendall v. West,* 196 Ill. 221.

Appellant complains of the action of the court during the trial in sustaining objections to certain questions in the depositions and striking out certain answers contained in the depositions. These objections should have been made by appellee before the trial, but appellant was not harmed by the error as all of these questions and answers were upon questions which were not controverted, but were admitted by appellee himself as a witness.

Appellant assigns as error the refusal of the court to give certain instructions asked by it. These instructions placed an improper construction upon the contract and entirely ignored appellee's defense, and the court did not err in refusing to give them to the jury.

Upon the undisputed evidence in the case appellant was not entitled to recover, and the judgment of the county court is affirmed.

*Affirmed.*